UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRENDA BANKS,                                    CIVIL NO. 15-3822 (SRN/JSM)

        Plaintiff,

v.                                               REPORT & RECOMMENDATION

K. GULBRANDSON et al.,

        Defendants.


        The above matter came before the undersigned United States Magistrate Judge

upon defendant K. Gulbrandson's Motion to Dismiss Complaint [Docket No. 21].[1]  The

matter has been referred to this Court for a Report and Recommendation pursuant to 28

U.S.C. § 636 and Local Rule 72.1.

I.      **BACKGROUND**

        A.      **Plaintiff's Complaint**

        Plaintiff Brenda Banks is an inmate at the Federal Correctional Institute in

Waseca, Minnesota ("FCI-Waseca").  On September 28, 2015, plaintiff filed a Complaint

pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District

of Ohio against Dr. Sandra Lauring, Medical Director at FCI-Waseca, Julie Nicklin,

Warden of FCI-Waseca, and K. Gulbrandson, Medical Administrator at FCI-Waseca.[2]

---

[1]     The other named defendants, Sandra Lauring and Julie Nicklin, have not been
served with the Summons and Complaint.

[2]     Plaintiff's Complaint is styled as a "Civil Rights Complaint Pursuant to 42 U.S.C.
§ 1983."  However, the United States Supreme Court has held that the scope of § 1983
does not reach federal officials acting under color of federal law.  D.C. v. Carter, 409
U.S. 418, 424–25 (1973).  Consequently, this Court construes plaintiff's Complaint as
attempting to assert a Bivens claim, which is a cause of action brought directly under
the United States Constitution against a federal official acting in his or her individual
capacity for violations of constitutionally protected rights.  See generally Bivens v. Six

[Docket No. 1].  On October 9, 2015, the case was transferred to this District.  <u>See</u>

Order of Transfer in S.D. Ohio Case No. 1:15-cv-629 [Docket No. 2].

In her Complaint, plaintiff alleged as follows:

> This action is regard [sic] to a failure to treat claim.  Plaintiff
> suffers from [left] groin, buttock, leg pain and spasms and a
> charcot joint at the left ankle.  Plaintiff goes to medical daily
> and gets no response.  FCI-Waseca is a non-medical facility.
> There isn't any night medical staff.

Complaint, p. 2.

Plaintiff alleged that her Eighth Amendment right against cruel and unusual

punishment had been violated.  <u>Id.</u>, p. 3.  According to plaintiff, she has been in severe

pain for months, and the medical department at FCI-Waseca has failed to treat her.  <u>Id.</u>

Plaintiff alleged that she had exhausted all administrative remedies available to her, and

she was now filing in federal district court.  <u>Id.</u>, p. 5.

In support of her claim, plaintiff alleged the following facts:

> I am a 62 y/o female who had L/5 spine surgery Dec. 2012.
> I have done reasonably well since then except for bilateral
> ankle swelling.  I was finally DX with charcot joint [in the left]
> ankle.  Crowalker booths [sic] were prescribed and helped.
>
> However, I have a progressive worsening of pain [in the left]
> groin, buttock, low back and leg that is constant.
>
> (1) It prevents me from sleeping.  I have severe cramps and
> pain.
>
> (2) I have to flex my torso to get relief.
>
> (3) The pain is aching and dull, but contin[u]ous.
>
> (4) The pain began about 22 Aug. 2015.

---

<u>Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).
However, as discussed in greater detail below, plaintiff fails to assert a claim under
<u>Bivens</u>, as she has not alleged that she is suing Gulbrandson in her individual capacity.

(5) I have associated nausea and decreased appetite.

(6) My [range of movement] is limited and my ability to ambulate is decreasing.

(7) I use a walker after being in a wheelchair for eleven months.

(8) My ability to take a shower is now limited.

(9) I have changed bowel and bladder function.

(10) I am concerned about a [diagnosis] of multiple myeloma (My maternal uncle died of the disease)

I have been to sick call numerous times.  Sick call consist[s] of seeing the EMT or nurse.  Each time I was told I would be put on a call out to see a provider (MD or PA).  No pain relief is achieved with anti-inflammatories or Tylenol.  I have asked to be sent to a medical facility like Carswell, TX.  I have seen the PA and doctor once in this past month.  I need to be seen by neurology or neurosurgery.   I asked to go to Carswell, TX, but was denied.

Id., pp. 6-7.

For relief, plaintiff stated that because she had only eight months remaining in her sentence, she should be granted early home confinement in order to consult with her own health care team that knew her medical conditions and would properly treat her.  Id., p. 5.

**B.   Gulbrandson's Motion to Dismiss**

On July 15, 2016, defendant Gulbrandson filed the instant motion to dismiss the Complaint.  [Docket No. 21].  In support of the motion, Gulbrandson argued that plaintiff failed to exhaust her available administrative remedies, as required under the Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).  Memorandum in Support of Motion to Dismiss Complaint ("Def's Mem."), [Docket No. 22], pp. 6-9.  Although

plaintiff has used some of the BOP's administrative remedy process, she has not fully exhausted her administrative remedies as required under the PLRA. Id., p. 8.

Gulbrandson also contended that the United States has not waived sovereign immunity as to official-capacity constitutional claims. Id., pp. 9-10.  Because Plaintiff's Complaint does not state whether she is suing defendants in their official or individual capacities, this Court must interpret the complaint as including only official capacity claims.  Id., p. 9 (citing Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir.1999) ("In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability."); Egerdahl v. Hibbing Comm. Coll., 72 F.3d 615, 619 (8th Cir. 1995) (If "the plaintiff's complaint is silent about the capacity in which she is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.")).   Further, suits against public officials acting in their official capacities are treated as suits against the public entity, and therefore, plaintiff's Complaint should be interpreted as raising an Eighth Amendment deliberate-indifference claim against the United States. Id. (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985); Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.")).   The United States has not waived its sovereign immunity from civil lawsuits in this case.  Consequently, plaintiff's Complaint must be dismissed.  Id., p. 10 (citing Orff v. United States, 545 U.S. 596, 601 (2005); FDIC v. Meyer, 510 U.S. 471, 477-78 (1994); United States v. Mitchell, 463 U.S. 206, 212 (1983); Harje v. F.T.C., 106 F.3d 1406, 1408 (8th Cir. 1997)).

On July 18, 2016, this Court issued an Order directing plaintiff to serve and file a response to defendant Gulbrandson's motion to dismiss on or before August 15, 2016. [Docket No. 25].   To date, plaintiff has not served or filed any response.   Plaintiff's failure to respond is a sufficient basis to grant Gulbrandson's motion.   Mark v. Ault, 498 F.3d 775, 786 (8th Cir. 2007) (holding that a party's "failure to raise or discuss an issue in his brief [would] be deemed an abandonment of that issue.") (quoting Hacker v. Barnhart, 459 F.3d 934, 937 n.2 (8th Cir. 2006)); Christensen v. PennyMac Loan Servs., Inc., 988 F. Supp. 2d 1036, 1042 (D. Minn. 2013) ("Plaintiff's failure to respond amounts to a waiver, and on that basis alone, defendants' motion to dismiss should be granted.") (citations omitted); cf. Stransky v. Cummins Engine Co., Inc., 51 F.3d 1329, 1335 (7th Cir. 1995) (When "presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.  The federal courts will not invent legal arguments for litigants.").   Nevertheless, for completeness, the Court addresses the substance of Gulbrandson's motion.

### C.   Administrative Remedy Procedure

The Federal Bureau of Prisons ("BOP") has a four-tiered Administrative Remedy Program, as set forth in the Code of Federal Regulations.  Declaration of Shannon Boldt ("Boldt Decl.") [Docket No. 23], ¶ 6 (citing 28 C.F.R. § 542.10 et seq.).

"[A]n inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."   28 C.F.R. § 542.13(a).   A Request for Informal Resolution Form, also known as a "BP-8," is not assigned a Remedy ID number and is not tracked. Boldt Decl., ¶ 7.

If the inmate is unable to resolve the complaint informally, the inmate may proceed to the second step—the filing of a formal Request for Administrative Remedy ("BP-9") at the institution in which the inmate is incarcerated.  Id. (citing 28 C.F.R. § 542.14).  The inmate must complete the first and second steps within 20 calendar days following the date on which the basis for the Request occurred.  28 C.F.R. § 542.14(a).

"An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP–10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response."  28 C.F.R. § 542.15(a).

"An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP–11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response."  Id.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).

"If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the [Administrative Remedy] Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director."  28 C.F.R. § 542.14(d).  Additionally, the inmate may file a request with the Regional Director when she appeals a Discipline Hearing Officer report or challenges a BOP decision not originating with the Warden.  28 C.F.R. § 542.14(d)(2), (5).

D.    **Plaintiff's Administrative Remedy Requests**[3]

1.    **Administrative Remedy Request 734686**

On or about May 16, 2013, plaintiff filed Administrative Remedy Request 734686-F1 at the institutional level at the Federal Prison Camp in Alderson, West Virginia ("FPC-Alderson").   Boldt Decl., ¶ 14; Ex. B (Administrative Remedy Generalized Retrieval for Brenda Banks, Register No. 68804-061, dated June 28, 2012), p. 2. Plaintiff alleged that when she was in the Health Services Unit, she sat down to prevent a fall and a nurse performed a "sternal maneuver" on her that produced a large bleed under the skin.  Boldt Decl., Ex. C (Administrative Remedy Series 734686 Packet), p. 2. Plaintiff alleged that she was never unresponsive.  Id.

On May 30, 2013, in response to Request 734686-F1, the Warden, S. Butler, indicated that plaintiff had been found unresponsive in the hallway of the Health Services Unit and medical staff performed a sternal rub maneuver, which was commonly used to gain a response from unresponsive individuals.  Boldt Decl. ¶ 14; Ex. C., p. 1.  Plaintiff did not appeal Request 734686-F1 to the BOP Regional Office.  Boldt Decl., Ex. B.

2.    **Administrative Remedy Request 775202**

On or about April 11, 2014, plaintiff filed Administrative Remedy Request 775202-F1 at the institutional level at FCI-Waseca.  Boldt Decl., ¶ 16; Ex. B, p. 3.  The request alleged as follows:

---

[3]    Plaintiff alleged in her Complaint that she had exhausted all available administrative remedies prior to filing.  However, she did not attach to her Complaint evidence of the administrative disposition of her grievances.  Therefore, the Court summarizes the information that has been provided in the Declaration of Shannon Boldt and that bear on the claims in plaintiff's Complaint.

60 y/o with bilateral ankle swelling X ≈ 11 months.  Labs were not drawn until recently.  I have requested to see a Rheumatologist to evaluate the effusion and for a diagnosis. I am getting worse and would like to use my lower extremities for the rest of my life.  I was totally ignored for ≈ six months.

My consults have been unanswered.  I am disabled + getting worse.  I walked into the BOP.  Please help me.

Boldt Decl., Ex. E (Administrative Remedy Series 775202 Packet), p. 6.

On April 25, 2014, Warden Julie Nicklin provided the following response to

plaintiff's Request:

This is in response to your Administrative Remedy received April 23, 2014, in which you complain of bi-lateral ankle swelling.  You request a visit with a Rheumatologist to evaluate the effusion and for a diagnosis.

Reviews of your medical records indicate you were examined on January 1, 2014, regarding loss of joint motion. The Physician Assistant reviewed your Sedimentation Rate (ESR) and Uric Acid Test.  ESR was normal and the Uric Acid Test was slightly elevated.  Rheumatoid Factor was pending results and the X-ray showed effusion and calcaneal spurring.  On February 10, 2014, a follow up encounter was performed regarding the bi-lateral ankle pain and swelling.  You stated, "...Symptoms in feet are somewhat better but still concerned about ankle swelling." You were informed at this encounter that your ANA Test was still negative and an MRI was not required.  On February 28, 2014, a recheck of the Uric Acid yielded normal values and your Rheumatoid Factor as negative.

According to the above information, consultation and/or diagnosis by a Rheumatologist is not clinically indicated. You will continue to be monitored in Chronic Care Clinic and also have the option of requesting a Sick Call Appointment to address your concerns.

Your Request for Administrative Remedy is denied.

Id., Ex. E, p. 5.

On or about May 12, 2014, plaintiff appealed the Warden's response to Request 775202-F1 by filing a Regional Administrative Remedy Appeal.  Boldt Decl., ¶ 17; Ex. B, p. 3; Ex. E, p. 4.[4]  On May 16, 2014, BOP Regional Director Paul Laird responded to plaintiff's appeal as follows:

> This is in response to your Regional Administrative Remedy Appeal received on May 12, 2014.  You claim you are receiving inadequate medical treatment regarding you bilateral ankle swelling.  For relief, you request to be referred to a Rheumatologist.
>
> We have reviewed the documentation related to your appeal. Based on this review, we concur with the manner in which the Warden addressed your concerns.  You have consistently been provided timely and appropriate medical care in accordance with Program Statement 6031.03, <u>Patient Care</u>, and the National Formulary.  A review of your medical record indicates you were evaluated in the Chronic Care Clinic on May 2, 2014.  At that time, the evaluating physician made no recommendations for a Rheumatology consultation.  Given this, we shall defer diagnostic and treatment interventions to the local level.  We encourage you to utilize sick call for your medical needs.
>
> Based on these findings, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

Boldt Decl., Ex. E, p. 3.

On December 30, 2014, plaintiff appealed the response of the Regional Office to the BOP Central Office.  Boldt Decl., ¶ 18; Ex. B, p. 5; Ex. E, p. 1.  On February 6, 2015, the Central Office rejected plaintiff's appeal because it had not been received within 30 days of the Regional Director's response, and plaintiff did not provide staff verification stating that the reason for the untimely filing was not her fault.  Boldt Decl., Ex. E, p. 1.

---

[4]     The basis for plaintiff's appeal is partially indiscernible but appears to allege the same facts as in Administrative Remedy Request 775202-F1.

Since the date of the Central Office's decision, plaintiff has not refiled Administrative Remedy Request 775202 at any administrative level.  Boldt Decl., ¶ 19; Ex. B.

### 3.      Administrative Remedy Request 834372

On or about October 28, 2015, plaintiff filed Administrative Remedy Request 834372-R1 at the Regional Office level, alleging a medical complaint.  Boldt Decl., ¶ 23; Ex. B, p. 6.  The request was rejected because plaintiff did not file a BP-9 request at the institutional level for the Warden's review before filing her request with the Regional Office.  Id.  Plaintiff has not refiled Administrative Remedy Series 834372 at any level. Boldt Decl., Ex. B.

### 4.      Administrative Remedy Request 840424

On or about October 28, 2015, plaintiff filed Administrative Remedy Request 840424-F1 at the institutional level at FCI-Waseca.  Boldt Decl., ¶ 24; Ex. B, p. 6.  In her request, plaintiff alleged as follows:

> I am a 62 y/o female with chronic medical problems.  I have severe pain and cramps in my [left] lower ext.  Low back and [left] groin.  I am unable to extend my body to sleep and I sit up most of the night.  I have listed about ten (10) details of my illness.  I am unable to function in this very active environment.  I live with pain on a daily basis.  Please consider me for Carswell for a faster w/u and treatment.  See attached list.  I can barely make it through out [sic] the day.
>
> I am having undue suffering.  Please help me ASAP.  I can hardly make it to pill line.

Boldt Decl., Ex. I (Administrative Remedy Series 840424 Packet), p. 2.

On November 23, 2015, Warden Julie Nicklin provided the following response to Request 840424-F1:

> This is in response to your Administrative Remedy received October 28, 2015, in which you complain of severe pain and cramping in the lower back and groin.  You request re-

designation to FMC Carswell for medical work-up and treatment.

Review of your Medical Records indicates you were examined on August 10, 2015, for increasing chronic low back pain as well as bilateral leg pain. You relayed a history of L4/L5 discectomy in the past, prior to being incarcerated. The Registered Nurse placed you on callout to see the Physician Assistant (PA-C). On August 25, 2015, you were seen by the PA-C concerning your low back pain and bilateral leg pain. At this visit you were authorized 60mg of Toradol for the pain and you reported to the provider that the Toradol reduced your pain from 10 to 5 on the pain scale. On November 5, 2015, you were seen by the Regional Clinical Director regarding your low back pain and bilateral leg pain. Previous x-rays reveal possible AVN of the right hip and Charcot Joint Disease of the left ankle. The Regional Clinical Director updated your labs, increased your pain medications, and ordered a CT scan of the L/S Spine and Bilateral Hips. The CT scan was approved by the Utilization Review Committee.

Your Medical Record suggests you're receiving appropriate and timely medical care and treatment. Should you have other concerns or your condition worsens, I encourage you to seek medical care through sick call.

Regarding your request for re-designation, your condition does not require 24 hour medical attention as you are functioning adequately in the general population. FCI Waseca is suitable for ensuring your ongoing medical needs are met.

Accordingly, your request for re-designation to FMC Carswell is denied.

Id., Ex. I, p. 1.

Since the Warden's response to Request 840424-F1, plaintiff has not appealed or refiled Administrative Remedy Series 840424 at any level. Boldt Decl., ¶ 25; id., Ex. B.

## II.     STANDARD OF REVIEW

A civil complaint will be dismissed upon motion by a defendant if the plaintiff has failed to plead an actionable claim for relief against that defendant.   Fed. R. Civ. P. 12(b)(6).   In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true.   In re Operation of Missouri River Sys. Litig., 418 F.3d 915, 917 (8th Cir. 2005) (citations omitted); see also Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss.   However, "a court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure."   Wickner v. McComb, 2010 WL 610913, at *5 (D. Minn. 2010) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).

## III.     DISCUSSION

### A.     Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); see also Porter v. Sturm, 781 F.3d 448, 451 (8th Cir. 2015) (citations omitted).

"'[E]xhaustion' under § 1997e(a) means proper exhaustion, that is, 'using all steps that the agency holds out, and doing so *properly* (so that the agency addresses

the issues on the merits).'"   Hammett v. Cofield, 681 F.3d 945, 947 (8th Cir. 2012)

(quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.), cert. denied, 537 U.S.

949 (2002)).  "Therefore, 'a prisoner must complete the administrative review process in

accordance with the applicable procedural rules, including deadlines, as a precondition

to bringing suit in federal court.'"  Id. (quoting King v. Iowa Dept. of Corr., 598 F.3d 1051,

1053 (8th Cir. 2010)).  The requirement to exhaust administrative remedies also applies

to all forms of relief sought.  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

In McAlphin v. Morgan, 216 F.3d 680 (8th Cir. 2000), the Eight Circuit held that in

order to satisfy the requirements of § 1997e(a), a prisoner must allege in his complaint

that she exhausted all available administrative remedies and should attach to her

complaint the administrative decision, if available, showing the administrative disposition

of his complaint.   Id. at 682 (citing Brown v. Toombs, 139 F.3d 1102, 1104 (6th

Cir.1998) (per curiam)).  A plaintiff who does not present this evidence to the district

court fails to satisfy her burden of showing that administrative remedies have been

exhausted, and a court should dismiss her complaint without prejudice.  Id.

Gulbrandson argued that because plaintiff has failed to fully exhaust her

administrative remedies, she has not fulfilled a strict prerequisite to initiating litigation,

and therefore, her Complaint should be dismissed.  Def's Mem., pp. 8-9 (citing Jones v.

Bock, 127 S. Ct. 910, 922-23 (2007).  Administrative Remedy Request 734686-F1 did

not satisfy the exhaustion standard because, in that request, plaintiff raised concerns

over medical care she had received at another institution, and not FCI-Waseca.  Id., p. 8

(citing Boldt Decl., Ex. C, p. 1).

Administrative Remedy Request 775202-A1 regarding medical care at FCI-Waseca was procedurally rejected as untimely by the BOP Central Office.  Id. (citing Boldt Decl., ¶ 18; Ex. B, p. 5).  Although the Central Office gave plaintiff the opportunity to explain why her appeal was untimely, she never attempted to resubmit it.  Id. (citing Boldt Decl., ¶ 19; Ex. B).

With respect to Administrative Remedy Request 834372-R1, plaintiff did not attempt to cure the deficiencies cited as the basis for the rejection by the Regional Office.  Id. (citing Boldt Decl., Ex. B.).

Although plaintiff filed Administrative Remedy Request 840424-F1 at the institutional level, she never appealed the Warden's response to the Regional Office or Central Office.  Id. (citing Boldt Decl., ¶ 25).

The Court concludes that plaintiff has failed to exhaust the administrative remedies with respect to her Eighth Amendment claim.  First, Administrative Remedy Request 734686, regarding use of a sternal maneuver on plaintiff, was not fully exhausted because plaintiff failed to appeal the Warden's response to the Regional Office.[5]

Second, Administrative Remedy Request 775202, concerning medical treatment at FCI-Waseca, was not fully exhausted because the Central Office rejected plaintiff's appeal of the Regional Director's response as untimely, and plaintiff failed to provide staff verification that the reason for the untimely filing was not her fault.  Further, plaintiff did not attempt to refile this request at any administrative level.

---

[5]    The Court also notes that Administrative Remedy Series 734686 concerned medical treatment plaintiff had received at FPC-Alderson, and not at FCI-Waseca.  Accordingly, Series 734686 is irrelevant to the claims raised in plaintiff's Complaint and cannot meet the exhaustion requirement under the PLRA.

Third, Administrative Remedy Request 834372-R1, alleging a medical complaint, was rejected by the Regional Office because plaintiff failed to file her request at the institutional level before filing at the Regional Office level.  Since the Regional Office's rejection of Request 834372-R1, plaintiff never attempted to refile Administrative Remedy Request 834372 at any administrative level, or explain why she bypassed the informal process and the Administrative Remedy Request procedure.

Lastly, Administrative Remedy Request 840424 was not fully exhausted because plaintiff never appealed the Warden's response to Request 840424-F1 to the Regional Office, nor did she refile the request at any administrative level.

For all of these reasons, the Court concludes that plaintiff failed to exhaust the available administrative remedies with respect to the medical treatment she received at FCI-Waseca.  Accordingly, under the PLRA, plaintiff's Complaint should be dismissed.

### B.    Sovereign Immunity

Gulbrandson's second ground for seeking dismissal is that plaintiff has sued her in her official capacity, which amounts to a suit against the United States.  But the United States has not waived sovereign immunity as to official-capacity constitutional claims, and thus, the Court lacks subject matter jurisdiction over her.

"'A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent.'"  Smith v. Conway Cty., Ark., 759 F.3d 853, 857 (8th Cir. 2014) (quoting Elder-Keep, 460 F.3d at 986); Parrish v. Ball, 594 F.3d 993, 997 (8th Cir. 2010) (citation omitted).  "In actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability; in addition, Fed.R.Civ.P. 9(a) requires a plaintiff to plead capacity to

the extent necessary to show jurisdiction, and the Eleventh Amendment places a jurisdictional limit on actions against officers in their official capacities." Andrus, 197 F.3d at 955 (internal citations omitted).  "[I]f a complaint is silent, or only hints at the capacity in which a state officer is sued for monetary damages, the complaint should be interpreted as an official-capacity claim."  Id. (citing Egerdahl, 72 F.3d at 619); see also Remington v. Hoopes, 611 F. App'x 883, 885 (8th Cir. 2015) ("We require a 'clear statement' or a 'specific pleading' indicating that the plaintiffs are suing the defendants in their individual capacities.") (citations omitted).

However, "'[t]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  Najbar v. United States, 649 F.3d 868, 870 (8th Cir. 2011) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  "It is well settled that a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."  Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) (citation omitted); see also Stackhouse v. United States, Civ. No. 09-839 (PJS/JSM), 2011 WL 820885, at *6 (D. Minn. Feb. 11, 2011) ("Stackhouse cannot assert a claim against the United States or the BOP, as an agency of Unites States, under the doctrine of sovereign immunity") (citation omitted).

Based on this authority, the Court finds that plaintiff's suit is barred by the doctrine of sovereign immunity.  In her Complaint, plaintiff named as defendants three officers of the BOP, an agency of the United States.  Plaintiff did not specify the capacity in which those officers were being sued.  Because plaintiff did not expressly state that defendants were being sued in their individual capacities, this Court must

interpret plaintiff's Complaint as stating only official-capacity claims.   However, a suit against a federal officer in her official capacity is actually a suit against the agency itself, and here, the United States has not consented to be sued.   Accordingly, sovereign immunity bars plaintiff from pursuing her suit against Gulbrandson, and her suit must be dismissed.

Accordingly, plaintiff's Complaint should be dismissed without prejudice.[6]

## IV.   RECOMMENDATION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that

1.   Defendant K. Gulbrandson's Motion to Dismiss Complaint [Docket No. 21] be **GRANTED.**

2.   Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

Dated:        October 5, 2016            *s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 20, 2016** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.   A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this Rules shall be limited to 3500 words.   A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of

---

[6]        As a general rule, when an action is dismissed on the grounds of sovereign immunity, it is dismissed without prejudice.   Murray v. United States, 686 F.2d 1320, 1327 & n. 14 (8th Cir.1982) (affirming dismissal without prejudice where dismissal was granted on grounds of sovereign immunity); Hayes v. Fed. Bureau of Prisons, Civ. No. 12-577 (PJS/FLN), 2014 WL 1017954, at *3 (D. Minn. Mar. 17, 2014) ("Sovereign immunity is jurisdictional in nature, however, and therefore these claims must be dismissed without prejudice.") (citing Roth v. United States, 476 Fed. Appx. 95 (8th Cir. 2012) (per curiam)).

the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.